**Kermit JOHNSON, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 58340.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 12, 1991.

William J. Swift, St. Louis, for movant.

William L. Webster, Atty. Gen., David J. Hansen, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals from the denial of his Rule 24.035 motion for post conviction relief after an evidentary hearing. On June 22, 1989, movant simultaneously entered pleas of guilty in two separate causes: (1) unlawful use of a weapon, § 571.030 RSMo 1986 (Cause No. 881–3614); and (2) robbery in the second degree, § 569.030 RSMo 1986 and second degree property damage, § 569.120 RSMo 1986 (Cause No. 881–3930). In exchange for movant's pleas of guilty, the state recommended sentences of five years for unlawful use of a weapon, eight years for robbery and six months for property damage all to be served concurrently. The court sentenced movant on July 14, 1989, in accordance with the plea bargain.

Movant's sole point on appeal alleges the motion court erred when it overruled movant's claim he was denied effective assistance of counsel because his attorney was *unwilling* to pursue presentation of an alibi defense through the testimony of movant's mother and aunt. Movant argues he would not have pled guilty except for counsel's reluctance to present this defense.

At his post conviction relief hearing, movant acknowledged he entered his guilty pleas after trial commenced in Cause No. 881–3930. Movant also acknowledged his "alibi defense" was available only in Cause No. 881–3930 and he was not contesting

the plea entered in Cause No. 881–3614. The following testimony was adduced from movant at the hearing.

> Motion Counsel: ... Do you have any knowledge of what witnesses you would have called had [Cause No. 881–3930] continued to trial?
>
> A. As far as the witnesses that I was aware of was my mother and my auntie.
>
> Q. [Trial counsel] *was going to call them?*
>
> A. *Yeah.*
>
> Q. Were they there?
>
> A. Yes, they were. (Our emphasis).

Further, trial counsel testified she was willing to present the alibi defense, had endorsed movant's mother and aunt as witnesses, and would have used them as alibi witnesses if the trial had proceeded.

The record fully and absolutely refutes movant's allegation trial counsel was unwilling or unprepared to present movant's alibi defense. Hence, the findings and conclusions of the motion court are supported by the record, and are not clearly erroneous. We affirm. Rule 84.16(b).

PUDLOWSKI, P.J., and GRIMM, J., concur.